UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON, | Civil No. 12-2825 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RAMSEY COUNTY, and STATE OF MINNESOTA, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff alleges that on August 23, 2012, he attempted to file a motion in a legal action that was pending in state district court in Ramsey County, Minnesota. A court administrator allegedly informed Plaintiff that he would have to "go to a remote location to set his hearing" for the motion. (Complaint, [Docket No. 1], p. 1, ¶ 1.) Thereafter, Plaintiff filed a lawsuit in this federal district court claiming that the administrator and Ramsey County had violated his rights under various state and federal laws. (See Olson v. Ramsey County, Civil No. 12-2088 (SRN/JJG) [hereafter "Olson I"].) Plaintiff alleges that he showed the Ramsey County administrator his complaint in Olson I, and the administrator then

"accepted to file Plaintiff's original motion and set a hearing date."  (Id., p. 2, ¶ 5.)[1]

Plaintiff further alleges that his motion in the Ramsey County state court "has been administratively cancelled or rejected" by that Court "for not being placed on standardized forms."  (Id., p. 3, ¶ 7.)  He alleges that attorneys frequently file motions in Ramsey County District Court without using court-prescribed forms, and such motions "are accepted by the Court."  (Id.)

In this action, Plaintiff is attempting to sue Ramsey County for allegedly violating his rights under the federal Constitution and the Americans with Disabilities Act, ("ADA"). Plaintiff claims that Ramsey County violated the ADA when the court administrator allegedly sent him to a "remote location" to file his motion papers, even though he allegedly is disabled.  Plaintiff also claims that Ramsey County violated his Fourteenth Amendment right to equal protection because his motion was (allegedly) "cancelled or rejected . . . for not being place on standardized forms."  (Id.)

Plaintiff's complaint also includes a sprawling two-page paragraph that alludes to (1) "arrearages for child-support owed," (2) a "passport revokation [sic]" that is "restricting his mobility," and (3) an attempt "to garnish from Plaintiff's SSI payments for purposes of child support."  (Id., pp. 5-6.)  As far as the Court can tell, Plaintiff is claiming that Ramsey County, as well as the State of Minnesota, has violated his federally protected rights by attempting to enforce some unpaid child support obligations.  This is sheer speculation, however, because the allegations set forth in the final paragraph of Plaintiff's complaint are almost completely incomprehensible.

---

[1]  Plaintiff's claims against Ramsey County in Olson I were dismissed "with prejudice."

Plaintiff's complaint does not describe any actual injury that he has suffered as a result of any allegedly wrongful acts or omissions by the named Defendants (Ramsey County and the State of Minnesota), and Plaintiff does not appear to be seeking any compensatory relief. Instead, he appears to be seeking only some unspecified form of injunctive relief. (See id., p. 3, ¶ 7.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief because it does not allege a set of specific historical facts that would, if proven true, entitle Plaintiff to any judgment against either of the named Defendants under any legal

theory.  The complaint does not describe anything that either of the individual Defendants actually did (or failed to do) that could be viewed as a violation of any of the law cited in the complaint.

The Court specifically notes that Plaintiff has not pleaded any actionable ADA claim because he has not alleged any facts showing that he actually suffers from any specific disability that qualifies for legal protection under the ADA.  "Title II [of the ADA] provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'"  Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) (quoting 42 U.S.C. § 12132).  "To establish a violation of Title II of the ADA . . . [a claimant] must demonstrate:  (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of [public] . . . services, programs, or activities, or was otherwise subjected to discrimination . . . ; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability."  Id.  The vague factual allegations presented in Plaintiff's complaint do not satisfy any of these elemental requirements of a Title II ADA claim.

Plaintiff has also failed to plead an actionable equal protection claim.  He alleges that defendant Ramsey County treats pro se litigants differently from attorneys because only pro se litigants are required to use standard motion forms when filing motions in the state district court.  Plaintiff's equal protection claim fails for several reasons.  First, Plaintiff has not shown that Defendant Ramsey County is responsible for establishing the alleged state district court rule on which his claim is based.  Indeed, it appears that there is no support or even allegation that Ramsey County itself has enacted any of the procedural rules and

requirements that govern state district court proceedings. Furthermore, "[t]he differing treatment of attorney and non-attorneys does not involve a suspect class and is subject to rational basis equal protection analysis." Cordoba v. Massanari, 256 F.3d 1044, 1049 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002). Here, Plaintiff has not alleged – and it certainly is not self-evident – that there is no rational basis for a procedural rule that would require pro se litigants to use forms for certain purposes, while excusing lawyers from the same requirement. See Heller v. Doe by Doe, 509 U.S. 312, 320 (1993) (a governmental classification "'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification'" (quoting FCC v/ Beach Communications, Inc., 508 U.S. 307, 313 (1993)); see also Moore v. Board of Trustees of Yakima County Library, 268 Fed. Appx. 669, 671 (9th Cir. 2008) (rejecting equal protection challenge to rule that denied pro se litigants access to county law library).[2]

Plaintiff's vague allegations regarding child support arrearages, passport revocation,

---

[2] Plaintiff has not clearly identified any specific injury that is tied to his equal protection claim, and he has not identified any specific redress that he is seeking in connection with that claim. Plaintiff seems to be insinuating, however, that the state district court for Ramsey County wrongly denied a motion that he filed (because the motion was not filed on the proper form) and he seems to be suggesting that the state court's ruling on his motion should be set aside in the present federal court action. If that is the true gist of Plaintiff's equal protection claim, then his claim appears to be barred by the Rooker-Feldman doctrine, (established by the Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005). In other words, if Plaintiff believes that a motion he filed in state court was erroneously denied, he must seek review of that ruling in the state appellate courts, not a federal district court.

SSI income, and garnishment attempts are simply too inscrutable to support any conceivable cause of action. A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The allegations set forth in the last two pages of Plaintiff's current complaint do not meet this standard. Those allegations do not describe any specific acts or omissions by either of the named Defendants that could entitle Plaintiff to any legal redress under any legal theory.[3]

Finally, Plaintiff has failed to plead an actionable claim because the only relief he has requested is an injunction, and he has not described any threat to any legally-protected interest that could warrant injunctive relief. Plaintiff's complaint refers to requests that he made "for reasonable accommodation for his disability," and the complaint states that "Plaintiff sees this development by Ramsey County as being highly discriminatory and rightfully emphasizes now the importance of injunctive and Declaratory Relief for stopping this ongoing pattern of behavior by Ramsey County." (Complaint, p. 3, ¶ 9.) However, the complaint does not allege any facts showing that Plaintiff will be adversely affected in the future by whatever "ongoing pattern of behavior" he had in mind when he drafted his complaint. Thus, Plaintiff has failed to state an actionable claim for any equitable form of

---

[3] The Court further notes that under the Eleventh Amendment, the State of Minnesota is immune from being sued in federal court, unless the State has consented to be sued, or Congress has abrogated the State's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff has not identified any applicable congressional abrogation of the State's Eleventh Amendment immunity, and there is no indication that the State of Minnesota has waived its immunity and consented to be sued in this case. Therefore, Plaintiff's claims against the State of Minnesota also appear to be barred by the Eleventh Amendment.

6

relief.  See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) ("[s]tanding to seek injunctive relief requires a plaintiff, inter alia, to show a likelihood of a future injury").

## III.  CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted.  The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

[Continued on next page.]

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January_____4_____, 2013

_____s/ Tony N. Leung_____
TONY N. LEUNG
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **January 22, 2013**.